LUCINDA D. CRILL, Appellant v. R. T. JEFFREY, Sheriff.

**Landlord's Lien.** Where, under the lease, the landlord furnishes
1   seed, feed and stock, and the lease so blends the compensation to
be paid the landlord that it cannot be told what part is for rent
and what part is for said articles furnished, the landlord cannot
2   have a lien for rent, where the petition simply states that there is
a sum due without alleging that it is due for rent.

**Objection Below.** There will not be reversal because a judgment is
.slightly excessive and because a money judgment in replevin
3   fails to show that there was an election to take such judgment,
where these matters are not called attention to below.

*Appeal from Carroll District Court.*—HON. GEORGE W. PAINE, Judge.

SATURDAY, OCTOBER 12, 1895.

This is an action to recover the possession of certain personal property held by the defendant, as sheriff,

under an attachment as the property of C. F. Aspegren, and which the plaintiff claims by virtue of an alleged landlord's lien under a written contract with said Aspegren. Defendant's demurrer to plaintiff's petition was sustained, and, the plaintiff electing to stand upon her petition, judgment was entered against her and the surety on her replevin bond in the sum of seven hundred and fifty-four dollars. Plaintiff appeals.— *Affirmed.*

*F. M. Powers* for appellant.

*W. R. Lee* for appellee.

Given, C. J.—I.   The written contract under which plaintiff claims a landlord's lien was executed February 7, 1885, between William Crill, as party of the first part, and said C. F. Aspegren, as party of the second part, and is in substance as follows:   The party of the first part agreed to lease to the party of the second part the tract of land described "for a term of ten years, under the following conditions, to-wit:   The party of the second part to take possession of said premises the first day of March, 1885, and shall proceed to work the same in a good workmanlike manner. That the stock and tools for working the same shall be furnished by the said party of the second part; the party of the first part hereby agreeing to furnish all the necessary feed and seed for the first year, and thereafter the seed and feed for the use of the premises shall be taken from the undivided produce raised thereon; and, further, that what grain and produce remain after the seed and feed for stock have been used shall be equally divided between the parties hereto. And it is hereby further agreed that the first party shall furnish a car load of heifers and one bull for the use of said premises; that the same shall be appraised

at their real value; that the same shall be fed on the premises; and that at the expiratio of this lease the party of the second part shall pay to the first party the appraised value, without interest, in money or stock, of the car load heretofore mentioned; that the party of the second part is hereby allowed to use such of the farm produce as may be necessary for his living, including pork, beef, vegetables, etc. And it is further agreed that the first party may furnish cattle and hogs or other stock in sufficient quantities to consume all grain or produce raised on said premises." Said contract contains a further provision as to repairs on the premises, that need not be set out, and also the following: "And it is further agreed by and between parties that if at any time there appears to be more stock of any kind— hay, grain, or other produce—on the premises than is profitable, the same may be sold, and the moneys, after deducting the purchase price, if the same were purchased, shall be divided equally between the parties hereto." Plaintiff alleges in her petition "that there is now due said plaintiff on said lease the sum of $1,500; that plaintiff is the owner of said claim under said lease." She demands judgment for the possession of said personal property, or the value thereof if same cannot be found, and for damages, interest, and costs. The question raised by the demurrer is whether, under the contract set out, and the allegations of her petition, the plaintiff is entitled to a landlord's lien.

II. Section 2017 of the Code gives to the landlord "a lien for his rent" upon the personal property described in that section, and section 2018 provides how this lien may be effected. This lien and "remedy are purely statutory, and are to be strictly construed." It will be observed that under the contract set out the party of the first part was to furnish to the party of the second part, in addition to the land, "all necessary feed and seed for the first year." He was also to furnish "a

car load of heifers and one bull for the use of said prem-
ises," and had the privilege of "furnishing cattle and
hogs or other stock in sufficient quantities to consume
all grain or produce raised on said premises." In
return for this the party of the second part agreed to
furnish the stock and tools for working the farm, and to
work the same in a workmanlike manner, to divide
equally what grain and produce remained after the
feed and seed were used; to feed the stock furnished by
the party of the first part, on the premises, and to share
equally all moneys received on sale of produce or stock
after deducting the purchase price of such stock as was
purchased.   Leaving out of consideration the purchase
price that was to be returned to the party of the first
part, it will be seen that the share that he was to have
in the produce and in the money received upon the sale
of produce or stock was not only in consideration of the
use of his land, but also for the feed and stock fur-
nished.   It is certainly clear, therefore, that the return
coming to the party of the first part was not for rent
·only, but in part as compensation for the feed, stock,
and seed furnished.   It will be observed that it is not
until the expiration of the ten years that the party of
the second part is to pay to the party of the first part in
money or stock the appraised value of the car load of
stock furnished, but as to any other stock the first party
might furnish he is to be reimbursed the purchase price
when the stock is sold.   Aside from the appraised
value of the car load of cattle, the party of the first part
is entitled to a return of the purchase price of any other
stock furnished by him to consume the produce raised
on the premises upon the sale thereof, and to share
equally in the sale of all stock and produce.   In the
recent case of *Smith v. Dayton*, 94 Iowa, 102 (62 N. W.
Rep. 651), this court said: "In order to have a lien for
rent, the landlord must show that his claim is for rent;
and if he so blends the rent account with other items

that it is impossible to separate one from the other, if he so confuses them that when payments are made it is impossible to say which is paid, the rent or some of the other items," he is presumed to have waived his right to the lien. By this contract these parties have so blended the compensation that is to come to the party of the first part that it is impossible to say what part thereof is for rent and what on account of the seed, feed, and stock. The plaintiff alleges "that there is now due said plaintiff on said lease the sum of $1,500," but it is not alleged that this is due as rent. The claim is for one thousand five hundred dollars due under the contract, but how much thereof is on account of rent, and how much on account of the purchase price of the stock other than the car load, and how much on account of the sale of stock and produce, is not made to appear. Counsel discuss the question whether this contract does not constitute the parties thereto copartners, but this we need not determine; our inquiry being simply whether plaintiff is entitled to a landlord's lien. We are not called upon to determine, nor do we determine, what the plaintiff's rights may be under the contract set out, further than to say that she is not entitled to a landlord's lien by virtue thereof, under the allegations of her petition. We do not think it possible to so separate the considerations moving to the party of the first part under said contract as to say what part thereof is for rent and what part for the other considerations.

III. Plaintiff electing to stand upon her petition, judgment was rendered against her on her replevin bond for seven hundred and fifty-four dollars and costs, to which she excepted. Among the errors assigned is that "the court erred in rendering judgment against plaintiff's replevin bond for $754." It is contended that, as the judgment does not show that defendant elected to take a money judgment,

it should have been for the return of the property, and
that the judgment is for four dollars in excess of the
value of the property.   It does not appear that either
of these alleged errors was called to the attention of the
trial judge, who would, no doubt, have promptly cor-
rected them, if errors they are.   We will not reverse
the judgment of the trial court under such a state of
facts.   Our conclusion is that defendant's demurrer
was properly sustained, and that the judgment of the
district court should be *affirmed*.